■ In the Matter of the Estate of CHARLES H. LELLA, Deceased. VIRGINIA D. LELLA, Appellant; LUCY F. LELLA, Respondent.— SWEENEY, J. Appeal from an order of the Surrogate's Court of Cortland County, entered October 30, 1969, which denied a motion to vacate a decree granting respondent letters of administration. Charles Lella and appellant were married on February 5, 1960. He died in an airplane crash on July 4, 1969. During their marriage they separated and reconciled five times. The last separation agreement was signed on November 20, 1968. At the same time appellant, at decedent's insistence, signed a power of attorney for his use in obtaining a Mexican divorce immediately thereafter. The sum of $1,000 was set aside by decedent in a bank account to defray the cost of procuring the divorce. The parties, however, were together almost constantly following the signing of these documents. Subsequent to January 3, 1969 the decedent withdrew the "divorce money" and gave it to appellant for a Florida vacation, which she took, and where decedent visited her several times. After the vacation they resumed normal marital relations until June 15, 1969 when they parted again. Prior to that, however, and in April of 1969, decedent went on a five-day trip to Las Vegas, sponsored by his employer. While there he went to Mexico and obtained a divorce. He returned home, appellant meeting him at the airport, and they once more continued their married life. Appellant did not learn of the divorce until after her husband's death. These are the facts as alleged in appellant's petition to vacate the decree. The appellant contends that the divorce is invalid because the power of attorney was a nullity since it was signed in blank; but even if valid, it was annulled by the parties' subsequent reconciliation. At the outset it should be pointed out that appellant is not asking this court to reverse and grant judgment in her favor, but to reverse and remand for a trial on the issues raised and decided on affidavits by the Surrogate. Appellant in her affidavits states that the name of the "attorney" was not contained in the power when she signed it. The inserting of the attorney's name after the execution of the power could result in lack of jurisdiction in the Mexican court. (*Kurman* v. *Kurman*, 11 Misc 2d 1035.) The attorney who prepared the power and

before whom she signed it, however, states in his affidavit that the name of the attorney who was authorized to appear for appellant was printed in bold lettering on the document she signed. This conflict presents a question of fact and of credibility, and should be resolved at trial, not on affidavits. (*Sheils* v. *Sheils*, 32 A D 2d 253; see SCPA 502, 711.) While this is sufficient to reverse and remand, there are other issues we feel should be mentioned. Appellant alleges certain events transpired after the parties executed the separation agreement. If on the trial these circumstances are proved to be the facts, the court could conclude that there was an intention to abandon the separation agreement. (See *Farkas* v. *Farkas*, 26 A D 2d 919.) It is the intent of the parties that controls, and this should not be determined on affidavits. (*Peer* v. *Peer*, 17 Misc 2d 380.) It is conceivable that if the separation agreement is rendered void, so then is the power, depending again on the intent of the parties. Although not raised as an objection we are nevertheless mindful of the protective interest of the State in every marriage of its domiciliaries. Consequently, when one of the parties to an apparent viable marriage is armed with the means of unilaterally dissolving it at his whim, it offends the State's concept of marriage. (See *Fearon* v. *Treanor*, 272 N. Y. 268; see, also, General Obligations Law, § 5–311; *Viles* v. *Viles*, 14 N Y 2d 365.) Therefore, the court should have an opportunity to examine all of the facts and circumstances surrounding the execution of the separation agreement and power, together with the subsequent activities of the appellant and decedent before determining their marital status as of July 4, 1969. The respondent argues that much of the allegations set forth in appellant's petition cannot be proved at a trial because of CPLR 4519. What is admissible as proof is solely within the province of the trial court. Order reversed, on the law and the facts, without costs, and matter remitted to Cortland County Surrogate's Court for further proceedings not inconsistent herewith. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.